RAVI SATTIRAJU, ESQ.
**THE SATTIRAJU LAW FIRM, P.C.**
14 St. James Place
Lynbrook, New York 11563
Tel: 609-799-1266
Fax: 609-228-5649
rsattiraju@sattirajulawfirm.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————————— : | |
| GERARD DIFFLEY : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BOSTWICK LABORATORIES, INC., : | |
| METALMARK CAPITAL, LLC & DAVID : | COMPLAINT AND JURY DEMAND |
| BOSTWICK : | |
| : | |
| Defendants. : | |
| ———————————————————— : | |

Plaintiff, GERARD DIFFLEY ("Plaintiff") by and through his attorneys, the Sattiraju Law Firm, PC against Defendants BOSTWICK LABORATORIES, INC., METALMARK CAPITAL, LLC and DAVID BOSTWICK.

**NATURE OF ACTION**

1.     Plaintiff is employed by Defendants and has been subjected to an ongoing campaign of retaliation in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq. as a result of Plaintiff's actions in furtherance of the False Claims Act action previously brought against Bostwick Laboratories and Dr. Bostwick.

**JURISDICTION AND VENUE**

2.       The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the False Claims Act, 31 U.S.C. §§ 3729 et seq.. The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.       Venue is proper in this District because Defendant conducts business in this District, and certain acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

4.       Defendant Bostwick Laboratories is a corporation located in Uniondale, New York and employed Plaintiff.

5.       Defendant David Bostwick is the Chief Executive Office of Bostwick Laboratories.

6.       Defendants Metalmark Capital, LLC, which is located in New York, New York, is a major shareholder in Bostwick Laboratories and takes a major role in its operation.

7.       Plaintiff, who resides in Mattituck, New York, has been employed as the Chief Operating and Compliance Officer at all times relevant to this matter.

**FACTS**

8.       Plaintiff left a successful 22-year career at a major company in order to assume the position of Chief Compliance Officer with Defendant Bostwick Laboratories in 2012.

9.      Plaintiff played a key role in Bostwick Laboratories defense of a False Claims Act action brought against the Bostwick Laboratories and Dr. Bostwick personally, which arose out of Dr. Bostwick's improper management of the Company.

10.      Plaintiff provided key information to the government about the changes and improvements Plaintiff made at the Company, which stood in contrast to the policies and practices that were in place under Dr. Bostwick's leadership.  During this period, Bostwick Laboratories did not employ Dr. Bostwick.

11.      The information Plaintiff provided to the government led to the $3.2 million settlement that Dr. Bostwick was recently forced into with the federal government.

12.      In 2016, Dr. Bostwick was recently reinstated as CEO of Bostwick Laboratories.

13.      Dr. Bostwick immediately expressed his intent on using his newfound power to exact revenge on Plaintiff for his cooperation with the government.

14.      Dr. Bostwick referred to Plaintiff as "Hitler" with the  prior CEO of Bostwick Laboratories.

15.      At a meeting with Plaintiff after he returned to the Company, Dr. Bostwick stated, "we have a lot of history, you've been the enemy," and that he was a "hatchet man."

16.      Dr. Bostwick immediately removed Plaintiff's secretary from him and told another employee that Plaintiff would not  "have any resources to do his job-no support-none."

17.      Dr. Bostwick also immediately stripped Plaintiff of the majority of his job responsibilities.

18.      Dr. Bostwick reportedly asked other employees if they had "any dirt" on Plaintiff.

19.      Plaintiff went out on disability leave for  psychological reasons as a result of the retaliation Dr. Bostwick was inflicting upon him.

20.    Plaintiff  repeatedly complained to Defendant Metalmark Capital, LLC about Dr. Bostwick's retaliatory conduct.

21.    Metalmark Capital, LLC advised Plaintiff that he would not have to personally interact with Dr. Bostwick but that Dr. Bostwick would remain as CEO.

22.    Metalmark Capital, LLC has countenanced Dr. Bostwick's campaign of retaliation of Plaintiff in pursuit of their own perceived business interests and have failed to take effective steps to stop the retaliation.

23.    Upon Plaintiff's return to work, Plaintiff has continued to be subject to retaliation by Dr. Bostwick.  Dr. Bostwick has continued to malign and bad mouth Plaintiff while blocking him from fulfilling his job responsibilities.

24.    This illegal treatment has created a great deal of anxiety and depression for Plaintiff.

## FIRST CLAIM FOR RELIEF

### (FALSE CLAIMS ACT, 31 U.S.C. §§ 3729)

25.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26.     Defendants' treatment of Plaintiff constitutes retaliation in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq.

27.    As a result of Defendants' conduct, Plaintiff has endured significant damages including, but not limited to, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, loss of reputation, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

28.     Plaintiff reserves the right to seek all available relief under the False Claims Act,

31 U.S.C. §§ 3729 et seq. and as this Court may award in its discretion.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor

against Defendants, jointly and severally, together with (i) full compensation with back pay and

benefits with full remuneration, with interest; (ii) compensatory damages including emotional

distress and complete economic damages; (iii) consequential damages; (iv) punitive damages; (v)

pre-judgment interest; (vi) his attorneys' fees and costs;  and (vii) all other legally permissible

relief that the Court deems appropriate.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which he has a right to jury trial.


/s Ravi Sattiraju
**THE SATTIRAJU LAW FIRM, P.C.**
14 St. James Place
Lynbrook, New York 11563
Tel: 609-799-1266
Fax: 609-228-5649
rsattiraju@sattirajulawfirm.com
Attorneys for Plaintiff

Date: February 24, 2017