RAVI SATTIRAJU, ESQ.
**THE SATTIRAJU LAW FIRM, P.C.**
14 St. James Place
Lynbrook, New York 11563
Tel: 609-799-1266
Fax: 609-228-5649
rsattiraju@sattirajulawfirm.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

GERARD DIFFLEY

    Plaintiff,

v.

BOSTWICK LABORATORIES, INC., &
POPLAR HEALTHCARE, PLLC,

    Defendants.
_____

17-CV-1410-ALC-KNF

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, GERARD DIFFLEY ("Plaintiff") by and through his attorneys, the Sattiraju Law Firm, PC against Defendants BOSTWICK LABORATORIES, INC. and POPLAR HEALTHCARE, PLLC.

## NATURE OF ACTION

1. Plaintiff was employed by Defendants and has been subjected to an ongoing campaign of retaliation in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq. as a result of Plaintiff's actions in furtherance of the False Claims Act action previously brought against Bostwick Laboratories and Dr. David Bostwick.

1

## JURISDICTION AND VENUE

2. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the False Claims Act, 31 U.S.C. §§ 3729 et seq.

3. Venue is proper in this District because Defendant Bostwick Laboratories conducts business in this District, and the vast majority acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Bostwick Laboratories was a corporation located in Uniondale, New York and employed Plaintiff.

5. Defendant Poplar Healthcare, PLLC is a corporation located in Memphis, Tennessee.

6. Plaintiff, who resides in Mattituck, New York, was employed as the Chief Operating and Compliance Officer at all times relevant to this matter.

## FACTS

7. Plaintiff left a successful 22-year career at a major company in order to assume the position of Chief Compliance Officer with Defendant Bostwick Laboratories in 2012.

8. Plaintiff played a key role in Bostwick Laboratories defense of a False Claims Act action brought against the Bostwick Laboratories and Dr. Bostwick personally, which arose out of Dr. Bostwick's improper and alleged illegal management of the Company.

9. Plaintiff provided key information to the government about the changes and improvements Plaintiff made at the Company, which stood in contrast to the policies and practices that were in place under Dr. Bostwick's leadership. During this period, Bostwick Laboratories did not employ Dr. Bostwick.

10. The information Plaintiff provided to the government led to the $3.2 million settlement that Dr. Bostwick was recently forced into with the federal government.

11. In 2016, Dr. Bostwick was recently reinstated as CEO of Bostwick Laboratories.

12. Dr. Bostwick immediately expressed his intent on using his newfound power to exact revenge on Plaintiff for his cooperation with the government.

13. Dr. Bostwick referred to Plaintiff as "Hitler" with the prior CEO of Bostwick Laboratories.

14. At a meeting with Plaintiff after he returned to the Company, Dr. Bostwick stated, "we have a lot of history, you've been the enemy," and that he was a "hatchet man."

15. Dr. Bostwick immediately removed Plaintiff's secretary from him and told another employee that Plaintiff would not "have any resources to do his job-no support-none."

16. Dr. Bostwick also immediately stripped Plaintiff of the majority of his job responsibilities.

17. Dr. Bostwick reportedly asked other employees if they had "any dirt" on Plaintiff.

18. Plaintiff repeatedly complained to Bostwick Laboratories' board members about Dr. Bostwick's retaliatory conduct, and they advised Plaintiff that he would not have to personally interact with Dr. Bostwick but that Dr. Bostwick would remain as CEO.

19. Bostwick Laboratories countenanced Dr. Bostwick's campaign of retaliation of Plaintiff in pursuit of their own perceived business interests and failed to take effective steps to stop the retaliation.

20. In August 2016, Plaintiff went out on disability leave for psychological reasons as a result of the retaliation Dr. Bostwick was inflicting upon him.

21. Plaintiff continued to work from home even while he was out on leave, and was repeatedly told by co-workers that Dr. Bostwick continued to malign Plaintiff to his co-workers while he was on disability leave, including telling co-workers that Plaintiff did not know what he was doing.

22. Plaintiff returned to work on approximately on October 25, 2016, and Dr. Bostwick's retaliatory conduct only continued.

23. Even as Bostwick Laboratories was in the process of being sold to Poplar Healthcare in 2017, Plaintiff was told that Dr. Bostwick maligned him to Poplar executives, and continued to undermine Plaintiff to his colleagues.

24. Plaintiff's responsibilities continued to be taken away by Dr. Bostwick, and he repeatedly belittled and second-guessed Plaintiff's decisions.

25. The sale of Bostwick Laboratories to Poplar Healthcare was completed in May 2017. Poplar Healthcare hired Dr. Bostwick in a senior executive capacity.

26. Dr. Bostwick continued to malign Plaintiff to the other senior executives at Poplar Healthcare.

27. Bostwick Laboratories Interim CEO, James Carroll, explicitly told Plaintiff that Poplar Healthcare's CEO, James Sweeney, told Mr. Carroll that Poplar Healthcare had to hire Dr. Bostwick after completion of the merger for business reasons, and that, as such, Poplar Healthcare would not offer employment to Plaintiff because Dr. Bostwick hated Plaintiff because of the prior history between Plaintiff and Dr. Bostwick regarding the False Claims Act investigation.

28. Bostwick Laboratories' sales personnel, and several executives of the Company were offered employment by Poplar.

29. When Plaintiff met with the CEO of Poplar Healthcare, James Sweeney, to discuss possible employment at Poplar Healthcare, Mr. Sweeney expressly stated that Dr. Bostwick did not like Plaintiff.

30. Plaintiff was far more qualified than the individual that became responsible for compliance following Poplar Healthcare's purchase of Bostwick Laboratories.

31. Dr. Bostwick's used his senior executive position at Poplar Healthcare to continue his campaign of retaliation against Plaintiff for his protected activity under the False Claims Act, 31 U.S.C. §§ 3729 et seq.

32. Poplar Healthcare is thus liable under the False Claims Act, 31 U.S.C. §§ 3729 et seq. for failing to hire Plaintiff for retaliatory reasons.

33. After Poplar Healthcare failed to hire Plaintiff for retaliatory reasons, Bostwick Laboratories terminated Plaintiff in June 2017.

34. Defendants' illegal treatment has created a great deal of anxiety and depression for Plaintiff, in addition to significant financial harm.

## FIRST CLAIM FOR RELIEF

### (FALSE CLAIMS ACT, 31 U.S.C. §§ 3729)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. Defendants' treatment of Plaintiff constitutes retaliation in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq.

37. As a result of Defendants' conduct, Plaintiff has endured significant damages including, but not limited to, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, loss of reputation, career and social disruption,

psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

38.     Plaintiff reserves the right to seek all available relief under the False Claims Act, 31 U.S.C. §§ 3729 et seq. and as this Court may award in its discretion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor against Defendants, jointly and severally, together with (i) full compensation with back pay and benefits with full remuneration, with interest; (ii) compensatory damages including emotional distress and complete economic damages; (iii) consequential damages; (iv) punitive damages; (v) pre-judgment interest; (vi) his attorneys' fees and costs;  and (vii) all other legally permissible relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

/s Ravi Sattiraju
**THE SATTIRAJU LAW FIRM, P.C.**
14 St. James Place
Lynbrook, New York 11563
Tel: 609-799-1266
Fax: 609-228-5649
rsattiraju@sattirajulawfirm.com
Attorneys for Plaintiff

Date: July 24, 2018